```
                    UNITED STATES DISTRICT COURT  FILED
                      NORTHERN DISTRICT OF ALABAMA
                      NORTHEASTERN DIVISION   99 OCT 25 PM 4: 12
```

|  |  |  |
|---|---|---|
| MIKE HALL, | ) | U.S. DISTRICT COURT |
|  | ) | N.D. OF ALABAMA |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Civil Action No. CV-98-S-1360-NE |
|  | ) |  |
| LABOR READY, INC., | ) | ENTERED |
|  | ) |  |
| Defendant. | ) | OCT 25 1999 |

## MEMORANDUM OPINION

This action is before the court on defendant's "motion under Rule 59 to alter, amend or vacate" the court's order of September 14, 1999 (Doc. No. 22), which denied defendant's motion to compel arbitration.[1] Upon consideration of the Rule 59 motion and plaintiff's response, this court concludes the motion is due to be denied.

### I. DEFENDANT'S MOTION

Defendant submits the Rules of the American Arbitration Association (the "AAA Rules") and an affidavit from Michael Harrington, its general counsel, in support of the motion. The AAA Rules govern the arbitration agreement made between plaintiff and defendant, which is incorporated into plaintiff's employment contract. (Defendant's motion to compel arbitration (Doc. No. 7),

---

[1] The court rules on this motion even though it was not filed in a timely fashion. See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.")

Exhibit A(1) at 5, ¶ 24.) Harrington's affidavit states, in relevant part:

> 4. **Labor Ready agrees and stipulates** that it will pay all filing fees and other administrative costs required by the American Arbitration Association in connection with the arbitration of the dispute contained in the Lawsuit to the extent that Mr. Hall would not have been required to bear these same or similar costs if the case were litigated in the United States District Court for the Northern District of Alabama.
>
> 5. In addition, **Labor Ready agrees and stipulates** that it will not seek reimbursement of these fees or costs from the Plaintiff in the event it prevails in arbitration.

(Defendant's Rule 59 motion (Doc. No. 24), Exhibit B at ¶¶ 4-5 (emphasis supplied).) Based on the AAA Rules and Harrington's statements, defendant concludes:

> Thus, unlike the case in *Randolph* [*v. Green Tree Financial Corp.*, 178 F.3d 1149 (11th Cir. 1999)], there is nothing about administrative fees and costs associated with the arbitration of the present case, which Labor Ready will pay, that would deny the plaintiff full redress of his statutory claims present in his lawsuit. As such, this Court should order the parties to proceed with arbitration pursuant to the terms of their agreement.

(*Id.* at 3.) The court addresses this argument below.

## II. DISCUSSION

Defendant's argument focuses on pages 44-47 of the court's memorandum opinion of September 14, 1999,[2] which summarized the

---

[2] The court filed a memorandum opinion contemporaneously with its order

2

Eleventh Circuit's holding in *Randolph*. The *Randolph* court noted that "steep filing fees, steep arbitrators' fees, or other high costs of arbitration" may limit a plaintiff's ability to vindicate his or her statutory rights. *Randolph*, 178 F.3d at 1158. It concluded that failure to account for these fees and costs can render an arbitration agreement unenforceable. *See id*.

Defendant refers this court to AAA Rules 51 and 52, which provide in relevant part:

R-51. Administrative Fees

. . .

The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

R-52. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

(Defendant's Rule 59 motion, Exhibit A at 16-17 (emphasis supplied).) The arbitration clause in plaintiff's employment contract makes no provision for allocation of fees and costs. It

---

denying defendant's motion to compel arbitration. (*See* Doc. No. 21.)

3

simply refers the parties to the AAA Rules.

Defendant did not submit Harrington's affidavit with its original motion to compel arbitration. Apparently, defendant committed to payment of fees and costs only after entry of this court's order of September 14, 1999. This promise by defendant does not constitute an <u>agreement between the parties</u>, as required by AAA Rule 52. Harrington's affidavit does not indicate defendant has communicated to plaintiff its offer to pay fees and costs, except through the medium of its subject motion to amend. Plaintiff has declined the offer.

> After the Court ruled against defendant on the contents of the arbitration clause it drafted and forced plaintiff to sign before agreeing to employ him, Defendant asked the Court to vacate its Order on the grounds that it will agree to change the provisions of the arbitration clause in question. Defendant's position merely reflects a willingness to accept those provisions which it deems favorable to and to revise those provisions which it deems unfavorable.

(Plaintiff's response to defendant's Rule 59 motion (Doc. No. 26), at ¶ 5.)

Defendant cannot have it both ways. The failure to modify the AAA fee provisions in either the original arbitration clause between plaintiff and defendant, or defendant's original motion to compel, to provide for payment by defendant of all fees above the cost of litigating in this court, rendered the arbitration

4

agreement unenforceable, as stated by this court in its memorandum opinion of September 14, 1999. Defendant's effort to assume arbitration fee responsibilities, after review of the court's opinion and without the agreement of plaintiff, does not comport with AAA Rule 52.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is due to be denied. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 25th day of October, 1999.

*[signature]*

United States District Judge

5